IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY McDONALD, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-cv-4965 |
| WORLDPAC, INC. | § § | |
| Defendant. | § § § | Jury Demanded |

## JOINT STATUS REPORT

Pursuant to the Court's May 28, 2014 Order (Dkt. 30), Plaintiff Billy McDonald and Defendant WorldPac, Inc., conducted the required scheduling conference, and submit the following Joint Status Report to the Court:

**1. A brief statement of the claims and defenses.**

**Nature of the Case**

Plaintiff Billy McDonald claims Defendant WorldPac, Inc. (WorldPac) violated the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 *et seq.* McDonald seeks to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs from Defendant, alleging that it failed to pay proper overtime wages to Plaintiff and similarly situated workers. This case was filed as a collective action pursuant to Section 216(b) of the FLSA.

WorldPac denies any violation of the FLSA, either individually or collectively, and avers that McDonald was properly paid for all hours worked. WorldPac objects to the collective nature of McDonald's suit, and intends to defend its position vigorously.

**Plaintiff's Statement**

Plaintiff asserts Defendant failed to pay himself and all other similarly-situated former and current Delivery Drivers / Warehouse Teammates of Defendant ("Class Members") for their hours of work in excess of 40 per week because Defendant suffered, permitted, or required these individuals to work through lunch without pay.

Plaintiff brought this case as a collective action pursuant to 29 U.S.C. § 216(b) because Defendant employs other workers who performed similar job duties and were paid on the same basis as Plaintiff.  As such, Plaintiff will ask this court to allow this matter to proceed as a collective action through discovery and trial.

**Defendant's Statement**

Defendant denies the allegations set forth in Plaintiff's Complaint and First Amended Complaint, and denies that it violated the FLSA.  Defendant contends that Plaintiff and all other employees of Defendant have been properly compensated for all hours worked.  Defendant denies that Plaintiff or other non-exempt employees have been instructed or required to work "off the clock" or otherwise denied compensation for any regular or overtime hours that they may have worked.

Plaintiff McDonald recorded his own work time for transmittal to payroll.  McDonald affirmed in writing each week that his recordings of his time were accurate.  McDonald was also provided a weekly opportunity to inform WorldPac when he failed to record any compensable work time.

Defendant further sets forth the contentions and affirmative defenses in Defendant's Answer to Plaintiff's Complaint and any subsequent amended answers submitted by Defendant.

This matter is not appropriate for certification or treatment as a collective action.  Plaintiff is not similarly situated to the class of employees identified in Plaintiff's Original Complaint and First Amended Complaint as similarly situated.

Defendant reserves the right to assert such other and further defenses as may become known through the course of discovery or otherwise.

2. **A proposed time limit to file motions for leave to join other parties:**

   **Plaintiff's Proposal:**

   Because this is an FLSA collective action potentially involving over a hundred potential plaintiffs, the Plaintiff proposes that the case proceed in two separate phases that will affect all of the deadline proposals sought by the Court:

   **Phase One** would be limited to the Court's consideration of Plaintiff's Motion for Notice and Conditional Certification seeking court-approval to send notice to the other similarly situated individuals who worked for Defendant (or an Agreed Motion for Notice and Conditional Certification if the Parties can reach agreement).  Plaintiff proposes the Parties be permitted to engage in discovery related to conditional certification for a

period of up to 120 days and then file the Motion for Notice and Conditional Certification within 180 days.

**Phase Two** of the case would begin immediately after the close of any opt-in period, provided the Court grants the Motion for Notice and Conditional Certification, or after the Court denies the Motion. The Plaintiff proposes that the Court's Scheduling Order issued as a result of this report (1) direct the Parties to meet and confer within 30 days after Phase Two begins for the purpose of conducting a second Rule 16 conference, (2) direct the parties to file, within 14 days of the meeting, a proposed scheduling order addressing the deadlines identified in the May 28, 2014, Order, and (3) direct the parties to submit a proposed case management plan setting forth how the matter will be litigated and tried.

Without knowing the size of this matter, the Parties are unable to anticipate with certainty the amount of time necessary for discovery. Based on the experience of both counsel, once Phase Two commences, the discovery process could take between 12-18 months to complete, depending on the number of individuals who consent to become opt-in plaintiffs. The parties believe that 12-18 months may be a reasonable and necessary amount of time in which to conduct discovery in this case because (1) the Parties need adequate time to schedule and take depositions of potential fact witnesses involved in this case; (2) the Parties anticipate designating expert witnesses in this case and adequate time will be needed to obtain and depose those experts; and (3) the Parties need to allow time in which they may conduct written discovery in this case. The proposed second Rule 16 scheduling conference at the beginning of Phase Two will allow the Parties to confer with more specific knowledge as to the needs of this action.

**Defendant's Proposal:**

Defendant does not agree to the phased litigation process proposed by Plaintiff. Defendant requests a trial date in September 2015 and anticipates that trial will last 1-2 days, depending on the number of parties and witnesses. A jury has been demanded.

Defendant proposes a July 15, 2014 deadline for motions for leave to join other parties.

3. **A proposed time limit to amend pleadings:**

   <u>Plaintiff's Proposal:</u>
   The Plaintiff proposes this deadline be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

   <u>Defendant's Proposal:</u>
   Defendant proposes a July 15, 2014 deadline for amending pleadings.

4. **Proposed time limits to file various types of motions, including dispositive motions:**

**Plaintiff's Proposal:**
The Plaintiff proposes this deadline be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

**Defendant's Proposal:**
Defendant proposes a May 1, 2015 deadline for dispositive motions.

5. **A proposed time limit for initial designation of experts:**

   **Plaintiff's Proposal:**
   The Plaintiff proposes this deadline be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

   **Defendant's Proposal:**
   Defendant proposes a July 1, 2015 deadline for expert designation.

6. **A proposed time limit for responsive designation of experts:**

   **Plaintiff's Proposal:**
   The Plaintiff proposes this deadline be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

   **Defendant's Proposal:**
   Defendant proposes a July 15, 2015 deadline for responsive designation of experts.

7. **A proposed time limit for objections to experts (i.e. *Daubert* and similar motions):**

   **Plaintiff's Proposal:**
   The Plaintiff proposes this deadline be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

   **Defendant's Proposal:**
   Defendant proposes a time limit for objections to experts of two weeks following the expert designation to which the party objects.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery, and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues;**

(A)     A statement of the subjects on which discovery may be needed

**Plaintiff**
The subjects on which discovery may be needed will continue to develop as the litigation moves forward, but initially, discovery will be needed regarding Plaintiffs' job duties, Plaintiffs' hours of work, Defendant' wage payment and timekeeping practices, Defendant' payroll practices, and the extent to which Defendant' practices were reviewed for compliance with the FLSA.

**Defendant**
Discovery is properly limited to the parties in this matter. Defendant intends to conduct discovery and depositions on, among other issues, Plaintiff's factual allegations, Plaintiff's job duties, hours allegedly worked by Plaintiff and other individuals who sign Notices of Consent to Join, Plaintiff's alleged damages, any alleged damages for other individuals who sign Notices of Consent to Join, Plaintiff's ability to appropriately serve as a class representative, the fee agreement/arrangement between Plaintiff and Plaintiff's counsel, and the fee agreement/arrangement between any individuals who opt in to this litigation as plaintiffs and Plaintiff's counsel.

(B)     **A time limit to complete factual discovery and expert discovery**

**Plaintiff's Proposal:**
The Plaintiff proposes that factual and expert be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

**Defendant's Proposal:**
Defendant proposes a March 1, 2015 deadline to complete discovery.

(C)     **A statement of whether discovery should be conducted in phases or limited to particular issues.**

**Plaintiff's Proposal:**
Plaintiff proposes that discovery be conducted in phases as set forth in paragraph No. 2 above.

**Defendant's Proposal:**
Defendant does not believe discovery should be conducted in phases in this matter because phased discovery is inefficient, unnecessary and would inevitably result in the need to serve discovery requests and take witness depositions at least twice.

9. **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed.**

   **Plaintiff's Proposal:**
   None at this time, but this may change after Phase One as set forth in paragraph No. 2 above.

   **Defendant's Proposal:**
   None at this time.

10. **A proposed trial date, estimated length of trial, and whether a jury has been properly demanded.**

    **Plaintiff's Proposal:**

    The number of participants in the case will affect the trial date and the length of the trial. Plaintiff seeks permission to request a trial date as part of the agreed Case Management Plan described in Section 2, above.

    **Defendant's Proposal:**
    Defendant does not agree to a phased litigation process. Defendant requests a trial date in September 2015 and anticipates that trial will last 1-10 days, depending on the number of parties and witnesses. A jury has been demanded.

11. **A proposed date for further settlement negotiations:**

    **Plaintiff's Proposal:**
    The parties have already exchanged some informal discovery to aid settlement discussions, and have already begun these discussions. The Plaintiff proposes that a more formal deadline be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

    **Defendant's Proposal:**
    The parties have already exchanged some informal discovery to aid settlement discussions, and have already begun these discussions.

    Defendant proposes a February 1, 2015 deadline to complete mediation.

12. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a)(1) were made or will be made.**

    **Plaintiff's Proposal:**

Plaintiff proposes that this date be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

**Defendant's Proposal:**
None at this time.  Defendant does not agree to a phased litigation process.

13. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge (consent attached).**

    The parties do not agree to trial before a U.S. Magistrate Judge.

14. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

    The parties are agreeable to mediation.

    **Plaintiff's Proposal:**
    Plaintiff proposes that formal mediation dates and the selection of a mediator be determined and proposed to the Court as part of the second Rule 16 scheduling conference as more fully set forth in paragraph No. 2 above.

    **Defendant's Proposal:**
    Defendant proposes that formal mediation dates and the selection of a mediator should be determined and proposed to the Court after reasonable discovery has been conducted and the Court has ruled on Plaintiff's anticipated Motion for Conditional Certification.

15. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

    **Plaintiff's Proposal:**
    None other than the proposed phasing set forth in paragraph No. 2 above.

    **Defendant's Proposal:**
    None at this time.

16. **Whether a conference with the Court is desired and the reasons for requesting a conference.**

    No conference is desired at this time.

17. **Any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c).**

   **Plaintiff's Proposal:**
   None other than the proposed phasing set forth in paragraph No. 2 above.

   **Defendant's Proposal:**
   None at this time.

Respectfully Submitted,

| | |
|---|---|
| /s/ J. Derek Braziel | /s/ Kimberly Miers |
| **J. Derek Braziel** | Kimberly Rives Miers |
| Texas Bar No. 00793380 | Texas State Bar No. 24041482 |
| jdbraziel@l-b-law.com | Littler Mendelson, P.C. |
| **LEE & BRAZIEL, L.L.P.** | 2001 Ross Avenue |
| 1801 N. Lamar St. Suite 325 | Suite 1500, Lock Box 116 |
| Dallas, Texas 75202 | Dallas, Texas 75201 |
| Telephone: (214) 749-1400 | 214-880-8100 |
| Facsimile: (214) 749-1010 | 214-880-0181 (Fax) |
| www.overtimelawyer.com | kmiers@littler.com |
| | |
| and | Claire B. Deason |
| | Texas State Bar No. 24087399 |
| **JILL J. WEINBERG** | Littler Mendelson, P.C. |
| Texas Bar No. 2108440 | 1301 McKinney Street, Suite 1900 |
| **WEINBERG LAW FIRM, PLLC** | Houston, Texas 77010 |
| 6425 Willow Creek Drive | 713-951-9400 |
| Plano, Texas 75093 | 713-951-9212 (Fax) |
| Telephone: (972) 403-3330 | cdeason@littler.com |
| Facsimile: (972) 398-8846 | |
| | **ATTORNEYS FOR DEFENDANT** |
| **ATTORNEYS FOR PLAINTIFF** | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2014, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

　　　　　　　　　　　　　　　　　　　　　　/s/ J. Derek Braziel
　　　　　　　　　　　　　　　　　　　　**J. DEREK BRAZIEL**